# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremiah Lee Tomlinson,<br><br>    Petitioner,<br><br>v.<br><br>Laura Escapule, et al.,<br><br>    Respondents. | No. CV 15-00115-PHX-SPL (DMF)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

  Petitioner Jeremiah Lee Tomlinson ("Petitioner") has filed a *pro se* First Amended Petition for Writ of Habeas Corpus ("Petition") (Doc. 9), with a filing date of January 15, 2015 (Doc. 1). Petitioner was convicted in Cochise County Superior Court, case #2013-00704, of Promoting Contraband in a Prison Facility, in violation of A.R.S. §13-2505(A), and was sentenced to a 1.5-year term of imprisonment. Petitioner names Laura Escapule, warden of ASPC – Yuma, as Respondent and the Arizona Attorney General as an additional respondent. On April 29, 2015, this Court ordered Respondents to answer Tomlinson's petition, but it permitted Respondents to file an answer limited to affirmative defenses (Doc. 10). Respondents have filed a limited answer (Doc. 19), and Petitioner has filed a reply (Doc. 21).

  As explained below, the Court recommends that the Petition be denied and dismissed with prejudice because 1) he waived the issues raised in the Petition when he entered a plea of guilty and 2) he did not exhaust his claims, which are now procedurally barred.

I. **BACKGROUND**

    A. **Proceedings Leading to Conviction and Sentence**

On December 24, 2013, Tomlinson entered into a stipulated guilty plea, whereby he pled guilty to possessing prison contraband on March 5, 2013, a class 5 felony (reduced from the charge in Count 1 of the criminal complaint, which was a class 2 felony) for possessing a green leafy substance (Exhibit A, Doc. 19-1 at pages 1-11; Exhibit B, Doc. 19-1 at pages 12-15; Exhibit C, Doc. 19-1 at pages 16-23).[1] Pursuant to the plea agreement, the State dismissed Counts 2 and 3, and it did not pursue additional prison-contraband charges that Tomlinson could have faced (Exhibit C, Doc. 19-1 at page 19). The plea agreement section entitled "STIPULATION/RECOMMENDATIONS REGARDING SENTENCE" stated:

> The parties stipulate the defendant shall be sentenced to 1.5 years in the Arizona Department of Corrections. This sentence shall be served consecutively to the sentence currently being served in Maricopa County Superior Court Case CR2009-0079580. The State will withdraw the 13-703 historical prior allegations. All other sentencing provisions shall be left to the discretion of the Court. State agrees that it will not file charges for promoting prison contraband for events of 3/25/11 & 6/7/13 as set forth in Defendant's ADOC Inmate Search record.

(*Id.*).

The plea agreement also provided that "[u]nless the plea is rejected or withdrawn, [Petitioner] waives and gives up any and all motions, defense objections, or requests which he had made or raised, or could assert hereafter, to the Court's entry of judgment against [him] and imposition of a sentence upon him consistent with this agreement" (Exhibit C, Doc. 19-1 at page 20). Petitioner initialed and signed the agreement indicating that he understood and approved every provision in the agreement (Exhibit C, Doc. 19-1 at pages 17-23).

---

[1] The referenced alphabetical exhibits were submitted with Respondents' Limited Answer, Doc. 19. The document and page references herein are to this Court's electronic record.

The trial court accepted the plea agreement and sentenced Tomlinson, in accordance with the plea agreement, to a 1.5-year term of imprisonment (Exhibit D, Doc. 19-1 at pages 24-28). The court imposed sentence as follows:

> The Defendant shall be committed to the Arizona Department of Corrections for the minimum term of ONE AND ONE HALF (1 ½) years…This sentence shall be served CONSECUTIVELY to the sentence currently being served in Maricopa County Superior Court Case CR2009-0079580. The Defendant is given credit for zero (0) days served. IT IS **ORDERED** that Defendant must serve at least 85% of the sentence imposed. IT IS **ORDERED** pursuant to A.R.S. §13-603(I), the Defendant will be required to perform a mandatory community supervision sentence – one day for every seven days sentenced to, immediately after his actual period of imprisonment.

(Exhibit D, Doc. 19-1 at page 27).[2]  Defendant was advised of his rights of review of the proceedings (Exhibit D, Doc. 19-1 at page 28; Exhibit E, Doc. 19-1 at pages 29-31).

### B. PCR Proceedings.

On January 27, 2014, Petitioner filed his notice of post-conviction relief ("PCR"), which timely commenced his PCR proceeding (Exhibit F, Doc. 19-1 at pages 32-36). The superior court appointed PCR counsel, who filed a notice stating that he had reviewed the record and determined the case did not contain any colorable claims (Exhibit G, Doc. 19-1 at pages 37-38). Petitioner subsequently filed a pro se PCR petition, wherein he claimed, among other things, that: (1) his right to a speedy trial was violated; and (2) his conviction violated "due process and [his] ex post facto rights" because the spice that he possessed on March 5, 2013, had not yet been statutorily classified as a dangerous drug (Exhibit H, Doc. 19-1 at pages 39-59). The State responded to Tomlinson's PCR petition (Exhibit I, Doc. 19-1 at pages 59-65), and Tomlinson filed a reply (Exhibit J, Doc. 19-1 at pages 66-70).

On July 29, 2014, the superior court dismissed Tomlinson's PCR petition,

---

[2] For several Arizona law provisions regarding sentencing structure, including imprisonment, community supervision (i.e. parole), and probation, *see* A.R.S. §13-603(I), (J), and (K); *see also* A.R.S. §41-1604.07(D).

concluding that his claims were without merit (Exhibit K, Doc. 19-1 at pages 71-73). Specifically, the superior court found that Tomlinson's speedy-trial claim was meritless because his "case was resolved within ninety days from the initiation of the case" (*Id.* at page 72). His ex post facto claim was also meritless because, as the superior court properly found, Tomlinson did not plead guilty to a dangerous-drug offense (*Id.* at pages 73). Rather, Tomlinson pled guilty to possessing prison contraband, and "spice" was plainly prison contraband when he possessed it on March 5, 2013 (*Id.* at pages 72-73). Tomlinson did not file a petition for review with the Arizona Court of Appeals (Doc. 9 at pages 5-7).

## II. PETITIONER'S HABEAS CLAIM

On January 15, 2015, Petitioner filed a pro se Petition for Writ of Habeas Corpus. (Doc. 1).[3] Petitioner subsequently filed a First Amended Petition for Writ of Habeas Corpus on April 20, 2015, wherein he alleges two separate claims: (1) that he was subjected to an *ex post facto* prosecution in violation of the state and federal constitution; and (2) that his right to a speedy trial was violated (Doc. 9 at pages 6-7).

Petitioner names Laura Escapule, warden of ASPC – Yuma, as Respondent and the Arizona Attorney General as an additional respondent. On April 29, 2015, this Court ordered Respondents to answer Tomlinson's petition, but it permitted Respondents to file an answer limited to affirmative defenses (Doc. 10). Respondents have filed a limited answer (Doc. 19), and Petitioner has filed a reply (Doc. 21).

## III. LEGAL ANALYIS

### A. Guilty Plea/Plea Agreement Waiver

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry

---

[3] This is the date Petitioner delivered the Petition to prison officials (Doc. 1 at page 9), as indicated by the date he inscribed next to his signature, *see Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (stating a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying the mailbox rule in the context of a habeas petition).

1  of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations"), overruled on other grounds by *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). Consequently, a petitioner's guilty plea limits the grounds upon which he can subsequently challenge his detention in a federal habeas corpus proceeding. *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004).

Unless the petitioner alleges his plea was involuntary, or improperly induced by ineffective assistance of counsel ("IAC"), a conviction based on a guilty plea may not be challenged in a federal habeas proceeding, "despite various forms of misapprehension under which a defendant might [have] labor[ed]." *Id.* at 981 n.26 (internal marks omitted) (collecting cases).[4] It is also firmly established that a conscious "waiver" is not necessary "with respect to each potential defense relinquished by a plea of guilty." *United States v. Broce*, 488 U.S. 563, 569 (1989) (holding that double jeopardy challenge was waived by guilty plea, even if defendant and attorney were unaware of the basis for the challenge at the time of plea).

Petitioner cannot, as he tries in his Petition, claim a "deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Petitioner does not claim that his guilty plea was made involuntarily. Nor would the record support such a finding. Because Petitioner has "voluntarily and intelligently plead guilty to a criminal charge [and so he] may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985).

Petitioner also does not claim in his petition that his trial counsel provided ineffective representation or advice (Doc. 9). Rather, Petitioner asserts that: (1) his

---

[4] Further, to the extent that a pleading petitioner claims his guilty plea was improperly induced by ineffective assistance, the petitioner may only do so based upon counsel's actions as they related to the petitioner's decision to plead guilty—claims relating to other, earlier actions by counsel are barred. *See Moran*, 57 F.3d at 700.

- 5 -

1 conviction violates the constitutional protection against ex post facto prosecutions; and (2) that his constitutional right to a speedy trial was violated (Doc. 9 at pages 6-7). Because Petitioner guilty; thus, he can no longer challenge those alleged violations.[5]

The terms of plea agreements are controlled by contract-law principles. *United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir. 1997). Therefore, courts enforce the terms of a plea agreement if its plain language is clear and unambiguous. *See United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir. 2001); *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000). If a plea agreement contains a clear waiver of the right to seek review of a claim, and the waiver is knowingly and voluntarily made, federal courts will enforce that waiver. *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011); *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000); *see also Ricketts v. Adamson*, 483 U.S. 1, 8–9 (1987) (applying the plain language of a plea agreement and noting that "both parties bargained for and received substantial benefits").

Here, the plain language in Petitioner's plea agreement provided that "[u]nless the plea is rejected or withdrawn, [Petitioner] waives and gives up any and all motions, defense objections, or requests which he had made or raised, or could assert hereafter, to the Court's entry of judgment against [him] and imposition of a sentence upon him consistent with this agreement" (Exhibit C, Doc. 19-1 at page 20). Further, Petitioner's initials and signature on the agreement indicate that he understood and approved every provision in the agreement (Exhibit C, Doc. 19-1 at pages 17-23). Accordingly, under the plea agreement, Petitioner has waived any and all motions, defenses, or challenges that he could have potentially asserted, including any *ex post facto* challenge to his conviction, or claim that his right to a speedy trial was violated. Thus, the Petition should be dismissed because it raises two claims which each and both Petitioner waived.

---

[5] In any event, both claims are meritless because, as the superior court correctly found, Petitioner did not plead guilty to a dangerous-drug offense and his "case was resolved within ninety days from the initiation of the case" (Exhibit K, Doc. 19-1 at pages 71-73).

- 6 -

### B. Exhaustion/Procedural Bar

A state prisoner must properly exhaust all state court remedies before this Court can grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Arizona prisoners properly exhaust state remedies by fairly presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). To be fairly presented, a claim must include a statement of the operative facts and the specific federal legal theory. *Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan*, 513 U.S. at 365-66.

A claim can also be subject to an express or implied procedural bar. *Robinson v. Schriro*, 595 F.3d 1086, 1100 (9th Cir. 2010). An express procedural bar exists if the state court denies or dismisses a claim based on a procedural bar "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). *Stewart v. Smith*, 536 U.S. 856, 860 (2002) (Arizona's "Rule 32.2(a)(3) determinations are independent of federal law because they do not depend upon a federal constitutional ruling on the merits"); *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) ("adequate" grounds exist when a state strictly or regularly follows its procedural rule). *See also Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Robinson*, 595 F.3d at 1100. An implied procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *Poland v. Stewart*, 169 F.3d 573, 586 (9th Cir. 1999); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). This Court can review a procedurally defaulted claim if the petitioner can demonstrate either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman*, 501 U.S. at

750; *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *States v. Frady*, 456 U.S. 152, 167-68 (1982).

Petitioner did not exhaust any of the claims in his habeas petition and an implied procedural bar now exists to prevent him from doing so. To meet the exhaustion requirement, Petitioner needed to fairly present his claims to the Arizona Court of Appeals by providing the facts underlying his claim and the federal basis of those claims. Petitioner never filed anything in the Arizona Court of Appeals and, therefore, his claims are not exhausted. In addition, Petitioner's claims are now subject to an implied procedural bar because his claims were not fairly presented in state court and no state remedies remain available to him because he is now precluded or time-barred from raising his claims in a successive and untimely Rule 32 petition under Arizona Rules of Criminal Procedure 32.1(d)-(h), 32.2(a) & (b), or 32.4(a). Petitioner has not demonstrated either cause for the default and actual prejudice to excuse the default, or a miscarriage of justice. Accordingly, the Court cannot review his claims.

**IT IS THEREFORE RECOMMENDED that** Jeremiah Lee Tomlinson's Amended Petition for Writ of Habeas Corpus (Doc. 9) be denied and dismissed with prejudice.

**IT IS FURTHER RECOMMENDED that** a Certificate of Appealability be denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may

result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapi*a, 328 F.3d 1114, 1121 (9th Cir.2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

Dated this 31st day of October, 2016.

Honorable Deborah M. Fine
United States Magistrate Judge